Filed 11/23/22 P. v. Ortega CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080017 |
| Plaintiff and Respondent, | (Super. Ct. No. CF02902077) |
| v. | |
| DANIEL JUSTIN ORTEGA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County. Alan M. Simpson, Judge.

Deanna Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P.J., Peña, J. and Snauffer, J.

# INTRODUCTION

In 2004, a jury convicted defendant Daniel Justin Ortega of first degree murder and found true felony-murder special-circumstance allegations pursuant to Penal Code section 190.2 that the murders were committed during the commission or attempted commission of robbery, kidnapping, and carjacking. (Undesignated statutory references are to the Penal Code.) Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing, asserting he was entitled to resentencing under the new laws. The court denied defendant's petition, finding he was ineligible for relief.

We previously affirmed the court's order in an unpublished opinion, concluding the record established defendant was ineligible for resentencing as a matter of law based on the true findings on the special circumstance allegations. Defendant petitioned for review. The California Supreme Court granted and held the petition and deferred action pending its consideration and disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). It then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *Strong*.

We now reverse the court's order and remand the matter for the court to appoint defendant counsel, issue an order to show cause, and hold further proceedings as provided for in section 1172.6.

## FACTUAL AND PROCEDURAL HISTORY

Defendant and two codefendants (Stacey Dyer and Jesus Lopez) were charged with first degree murder (§ 187; count 1) and three special circumstance allegations that they committed the murders during the commission or attempted commission of robbery (§ 190.2, subd. (a)(17)(A)), kidnapping (*id.*, subd. (a)(17)(B)), and carjacking (*id.*, subd. (a)(17)(L)). It was also alleged that each defendant was armed with a firearm during the commission of the murder (§ 12022, subd. (a)(1)). Each defendant was also separately charged with second degree robbery (§ 211; count 2) and kidnapping (§ 207, subd. (a);

2.

count 3). A jury convicted defendant (and both codefendants) of all the charges and found true the three felony-murder special-circumstance allegations and the allegation defendant was armed with a firearm during the commission of the murder. The court sentenced defendant to life imprisonment without the possibility of parole plus an additional year on the murder count; determinate sentences on counts 2 and 3 were ordered stayed pursuant to section 654. Our court affirmed defendant's conviction in an unpublished opinion. (*People v. Lopez* (Mar. 12, 2007, F045815).)

In June 2019, defendant filed a petition for resentencing pursuant to section 1170.95, hereafter section 1172.6,[1] using a preprinted form. He checked boxes stating a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."

The superior court denied the petition, concluding defendant failed to make a prima facie showing he fell within the provisions of section 1172.6. The court held:

> "[Defendant] with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested or assisted the actual killer in the commission of murder in the first degree. [Defendant] is not eligible for resentencing."

## DISCUSSION

Defendant appeals the court's denial of his petition for resentencing. We reverse the court's order and remand for further proceedings.

---

[1]Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

## I.    Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019.  Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it added section 1170.95, now section 1172.6, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*."  (§ 188, subd. (a)(3), italics added.)  The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer.

4.

[¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1172.6, providing a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1172.6 (formerly § 1170.95) permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" when certain conditions applied. (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of this section to expand the scope of the petitioning procedure, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) Under the amended statute, an offender may file a petition under section 1172.6 where all three of the following conditions are met:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

5.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

## II.    Analysis

Defendant contends the court erred in summarily denying his petition without appointing him counsel. He asserts he had a statutory right to assistance of counsel once he filed a petition complying with section 1172.6's requirements. He argues the court's failure to appoint him counsel also violated his Sixth Amendment and federal due process rights. Accordingly, he argues the court's error in failing to appoint him counsel was structural and, thus, requires automatic reversal. Alternatively, he asserts the error in failing to appoint him counsel was not harmless because "a reviewing court lacks the ability to know how the trial court would have ruled if it had the benefit of counsel's input."

In our prior opinion, we concluded any error by the trial court in failing to appoint defendant counsel after he filed his petition was harmless because the record of

6.

conviction established defendant was categorically ineligible for relief based upon the jury's felony-murder special-circumstance findings. However, after the issuance of our prior opinion, our Supreme Court issued its opinion in *Strong*, *supra*, 13 Cal.5th 698. Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) and *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) does not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[2] (*Strong*, at p. 703.)

In light of *Strong*, we advised the parties of our intention to reverse and remand this matter with directions for the trial court to issue an order to show cause and to hold further proceedings as provided for in section 1172.6. We afforded the parties an opportunity to file objections to this proposed disposition. The parties responded that they had no objections to the proposed disposition.

Because the special circumstance findings here were made before *Banks* and *Clark*, they are not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. And the People have presented no other basis to deny the petition at the prima facie stage. So, the order denying the petition must be reversed and the matter remanded with directions for the trial court to appoint defendant counsel, to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

---

[2]*Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and … to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706–707.)

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded with directions for the trial court to appoint defendant counsel, to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).